IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, *et al.* | * * * | |
| v. | * * | Civil. No. CCB-18-1919 |
| BANK OF AMERICA, NATIONAL ASSOCIATION, *et al.* | * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

The parties in this case have presented divergent proposals for the next phase of discovery and briefing. Briefly summarized, the plaintiffs propose to complete fact discovery on all 1,677 properties in 37 metropolitan areas before embarking on expert discovery and motions for summary judgment covering all aspects of their claims. (ECF 107). The defendants propose to complete discovery on the properties in the six metropolitan areas that have been the focus of examination since the initial stipulated case management order entered in November 2019, and resolve the status of disputed properties; take depositions on matters of general relevance; and then engage in expert discovery for the purpose of summary judgment briefing directed at the methodology and validity of the theories on which the plaintiffs' experts' conclusions are based. (ECF 108). These competing proposals have been briefed thoroughly by counsel.

While a judge's questions and comments during oral arguments are often neither identical to nor determinative of a final ruling on a contested issue, to the extent it is relevant, it is true that the defendants have more clearly understood the concerns underlying my comments during the February 2019 hearing. (ECF 63). The defendants have raised significant challenges to the expert opinions on which the critical element of "robust causality" must be supported. Specific challenges to methodology have been raised, from the beginning of this litigation, that do not obviously depend on a factual analysis of all the properties in the 37 metropolitan areas. In regard to proportionality

and undue burden, it does not require affidavits to conclude that the time and expense of such an analysis, particularly in these months (or years) of coronavirus pandemic, will be much greater than the time and expense of analyzing properties in the six metropolitan areas already selected. And a ruling on the validity of the experts' approach, while it may not be entirely case-dispositive, could narrow the issues significantly, to the benefit of either the plaintiffs or the defendants depending on the outcome, and to the overall benefit of this complex litigation.

Accordingly, the defendants' proposal for the second phase case management order is preferred, with appropriate adjustment of the dates. A revised CMO may be submitted within 10 days of the date of this Order.

So Ordered this ___2nd___ day of November, 2020.

_____/S/_____
Catherine C. Blake
United States District Judge