IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, et al., <br><br> v. <br><br> BANK OF AMERICA, N.A., et al. | Civil Action No. SAG-18-1919 |

## MEMORANDUM

On March 24, 2023, this Court denied the Defendants' motions for summary judgment, opening the door for the next stage of discovery in this case. *See* Order, 236. The parties responded—not for the first time—with divergent proposals for the next phase of discovery. *See* Notice, ECF 247; Notice, ECF 248. The Plaintiffs have proposed proceeding to full discovery on all 1,405 properties and 37 cities at issue in this litigation. The Defendants have proposed completing discovery on the six cities at issue in Phase II of this litigation, for the purpose of completing dispositive motions practice, before imposing the burden of proceeding to full discovery in all 37 cities. For the reasons explained below, the Court will adopt a hybrid approach and is entering a separate order directing the parties to carry out (1) a Phase III discovery period finishing discovery as to the six Phase II cities, with dispositive motions practice to follow, along with (2) a requirement that the Defendants begin preparing, but not yet producing, the property-level documents for Phase IV discovery.

The parties' dispute as to the proper path forward hinges in large part on the extent to which they believe a second round of motions practice is appropriate and their opposing views of the extent to which redaction of property-level records is required under state and federal law.

As to the first question, this Court's opinion on the summary judgment motions, and the parties' representations at the subsequent scheduling conference, made clear "that steps two and three of the [Fair Housing Act's] disparate impact framework" had not "yet been fully explored through discovery," and thus that "subsequent motions for summary judgment on other issues" are appropriate. *See* Mem. Op. at 16 n.4, ECF 235. Discovery on all 1,405 properties is unnecessary to complete this final round of dispositive motions practice. Accordingly, this Court will order a third phase of discovery limited to expeditiously completing full discovery on the six Phase II cities and conducting motions practice on any remaining issues that arise.

As to the second question, the Court will permit the Defendants to claim personal identifying information as a basis for redaction only where there is arguably a requirement to notify the customer if a production containing their personal information is to be made. The Court concludes that redaction of customers' personal identifying information is not necessary under the federal Gramm-Leach-Bliley Act in the circumstances of this case. *See, e.g.*, *Marks v. Glob. Mortg. Grp., Inc.*, 218 F.R.D. 492, 496 (S.D.W. Va. 2003); *Williams v. Big Picture Loans, LLC*, 17-cv-0461, 2019 WL 1186856, at *2 (E.D. Va. Mar. 13, 2019). Turning to an assessment of the governing state laws, as to the Phase II states, the Court concludes that redaction is arguably required only as to Maryland customers:

- **Maryland.** The Maryland Confidential Financial Records Act prohibits a financial institution from disclosing without authorization "any financial record relating to a customer of the institution" absent certain exceptions not relevant here. *See* Md. Code Ann., Fin. Inst. § 1-302. Redaction of Maryland customers' property-level records is therefore appropriate.
- **Connecticut.** Connecticut law permits financial institutions to disclose financial records without prior authorization pursuant to "a lawful subpoena, summons, warrant or court order." Conn. Gen. Stat. Ann. § 36a-42. This Court will issue such an order, and in light of the protective order in place in this case, the Court finds good cause to "waive service of such . . . court order" upon the defendants' customers. *Id.* § 36a-43. Redaction of Connecticut customers' property-level records is therefore unnecessary.

- **Tennessee.** Tennessee law permits financial institutions to disclose financial records without prior authorization or notification "to the extent permitted by the Gramm-Leach-Bliley Act of 1999." Tenn. Code Ann. § 45-10-103(16). Redaction of Tennessee customers' property-level records is therefore unnecessary.
- **Wisconsin.** Wisconsin law permits financial institutions "subject to, and in compliance with," the Gramm-Leach-Bliley Act to disclose financial records without prior authorization or notification. Wis. Stat. Ann. § 134.98(3m)(a). Redaction of Wisconsin customers' property-level records is therefore unnecessary.
- **Texas.** Texas does not add relevant financial record disclosure requirements to the Gramm-Leach-Bliley Act. Redaction of Texas customers' property-level records is therefore unnecessary.
- **District of Columbia.** The District of Columbia does not add relevant financial record disclosure requirements to the Gramm-Leach-Bliley Act. Redaction of Texas customers' property-level records is therefore unnecessary.

Accordingly, particularly in light of the protective order governing this case, the Defendants need not redact personal identifying information pertaining to customers in Phase III discovery in states other than Maryland. The parties will be ordered to meet and confer promptly to assess the redaction requirements for the Phase IV cities, in accordance with this Court's assessment above, and any remaining disputes shall be presented to the Court. While the Court has elected to use caution in adopting an "arguably required" standard, the lenience of that standard is not to be overstated or abused.

Finally, although the Court will, for now, issue a full discovery order only as to the six cities relevant to Phase III, it will also issue a preliminary Phase IV discovery order to ensure timely completion of full discovery in this case in anticipation of trial no later than early 2025. Under the preliminary Phase IV discovery order, the Defendants will be required to immediately begin preparing for production property-level documents for all 1,405 properties and 37 cities at issue in this case. The Court will not require the Defendants to turn over such documents until the yet-undetermined open of Phase IV discovery. However, beginning to prepare the property-level documents for production now, with a focus on those states where redaction of personal identifying

information will be required and on conducting privilege reviews, will ensure that Phase IV discovery can be completed quickly and efficiently and the case can proceed to trial as soon as practicable. This Court will require periodic status updates from Defendants to ensure that adequate progress is being made.

    A separate order follows.

  <u>April 28, 2023</u>                                    <u>   /s/   </u>
Date                                                Stephanie A. Gallagher
                                                     United States District Judge