IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, et al., | * |
| | * |
| Plaintiffs, | |
| v. | *   Civil Action No. SAG-18-1919 |
| BANK OF AMERICA, N.A., et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit this Notice of Supplemental Authority to advise the Court of two recent decisions relevant to Defendants' pending Motion to Dismiss for Lack of Subject-Matter Jurisdiction (ECF 343) that were issued after Plaintiffs filed their Opposition and on the day Defendants filed their Reply.

First, yesterday, the United States Court of Appeals for the Ninth Circuit vacated the three-judge panel decision in *Arizona Alliance for Retired Americans v. Mayes*, 117 F.4th 1165 (9th Cir. 2024), *reh'g en banc granted, opinion vacated*, No. 22-16490, 2025 WL 843314 (9th Cir. Mar. 18, 2025) (attached as Ex. 1). In their Motion to Dismiss and Reply, Defendants relied heavily on *Mayes,* declaring that it overruled "decades of Ninth Circuit case law finding standing in reliance on *Havens*" as "irreconcilable with [*FDA*]." Defs.' Mem. L. in Supp. of Mot. to Dismiss for Lack of Subject-Matter Jurisdiction. at 5, ECF 343-1. *But see* Pls.' Opp'n to Defs.' Mot. to Dismiss for Lack of Subject-Matter Jurisdiction ("Pls.' Opp'n") at 3–7, ECF 352 (explaining that *Mayes* was an outlier and neither it nor *FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367 (2024), altered the landscape of organizational standing for the Plaintiff Fair Housing Organizations in this case). When Plaintiffs filed their Opposition to Defendants' Motion, the Ninth Circuit had not yet ruled on the petition for rehearing en banc in *Mayes.* It has now done so and has vacated the three-judge panel opinion, rendering a case Defendants relied on in their Motion and Reply—as well as all the other cases they

cite applying *Mayes*' holding—no longer good law. *See Ass'n of Cmty. Cancer Ctrs. v. Azar*, 509 F. Supp. 3d 482, 504 n.16 (D. Md. 2020).

Second, relying on *Havens Realty Corp. v. Coleman* and *Hippocratic Medicine*, the United States District Court for the District of Delaware yesterday held that two plaintiff-intervenor fair housing organizations have standing to pursue Fair Housing Act claims against a property management company and its affiliates. *United States v. Aion Mgmt., LLC*, No. CV 23-742 (GBW), 2025 WL 843620, at *1, *4–7 (D. Del. Mar. 18, 2025) (attached as Ex. 2). As Plaintiffs explained in their Opposition, Pls.' Opp'n at 3–7, and as the court explains in *Aion*, *Hippocratic Medicine* clarified the requirements for organizational standing, but left *Havens'* core standing requirements unaltered: "an organizational plaintiff does have standing where a defendant 'perceptibly impairs [its] ability to provide counselling and referral services' and where the defendant's actions 'directly affect [ ] and interfere[ ] with [the organization's] core business activities." *Id.* at *5 (alterations in original). Based on the organizations' allegations that defendants' unlawful conduct "frustrated [their] missions as fair housing organizations and forced them to divert" resources from "their typical activities, which include a range of educational, investigative, counseling, and referral services" to identifying and counteracting defendants' discriminatory conduct, limiting their ability "to engage in other mission-centric activities," the *Aion* court held that defendants had "'directly affected and interfered with the [organizations'] core business activities' of providing fair housing-related services, which resulted in a 'consequent drain on [their] resources'" sufficient to confer organizational standing. *Id.* at * 6 (quoting *Hippocratic Medicine*, 602 U.S. at 395 and *Havens*, 455 U.S. at 379).

Dated: March 19, 2025                                   Respectfully Submitted,

/s/ *Jessica P. Weber*
Andrew D. Freeman (Fed. Bar No. 03867)
Jessica P. Weber (Fed. Bar No. 17893)
Monica A. Basche (Fed. Bar No. 20476)
Lauren A. DiMartino (Fed. Bar No. 22046)
Brown, Goldstein & Levy, LLP
120 East Baltimore Street, Suite 2500
Baltimore, MD 21202

Phone: 410-962-1030
Fax: 410-385-0869
adf@browngold.com
jweber@browngold.com
mbasche@browngold.com
ldimartino@browngold.com

*/s/ Morgan Williams*
Morgan Williams (*pro hac vice*)
National Fair Housing Alliance
1101 Vermont Avenue, NW, Suite 710
Washington, DC  20005
Phone: 202-898-1661
mwilliams@nationalfairhousing.org

*Counsel for Plaintiffs*