IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>*Defendants*. | Case No.: 1:18-CV-1919 |

### JOINT STATUS REPORT

Plaintiffs National Fair Housing Alliance, *et al.* ("Plaintiffs"), and Defendants Bank of America, N.A. ("Bank of America") and Safeguard Properties Management, LLC ("Safeguard") (collectively referred to as the "Parties"), by and through their respective undersigned attorneys, and pursuant to the Court's Order dated May 15, 2025 (ECF 370), requiring the parties to "submit a schedule for supplemental briefing on Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction by Monday, May 19, 2025," respectfully submit this Joint Status Report, as follows:

The Parties have agreed that Plaintiffs will file their Supplemental Opposition Brief first, and Defendants will file their Supplemental Reply Brief afterwards. The Parties, however, disagree on the dates for which these filings should occur.

### Plaintiffs' Position

Although Plaintiffs wish to resolve the pending motions efficiently and keep this case moving, they also need adequate time to gather all evidence in support of the Organizational Plaintiffs' standing, particularly in light of Plaintiffs' counsel's schedules and competing deadlines over the next three months and the time involved to work with each of the twenty Organizational

Plaintiffs in this case to ensure that each has an opportunity to present all evidence in support of their standing. As this Court has recognized, Defendants' Motion to Dismiss was a facial challenge to the Organizational Plaintiffs' standing and Defendants' pending Motion for Summary Judgment on Available Remedies, like the previous phase of discovery, focused on the remedies available to the Organizational Plaintiffs—not their standing to sue. Accordingly, the Organizational Plaintiffs have not yet had the opportunity to gather and submit all evidence in support of their organizational standing (nor did they have reason to file a Rule 56(d) declaration in response to a summary judgment motion that did not challenge their standing). Parties routinely submit declarations in support of or in opposition to summary judgment and there is no reason Plaintiffs doing so here would be improper—particularly since this is the first time Plaintiffs are being asked to submit evidence to support their standing.

Because there are twenty different Organizational Plaintiffs with whom Plaintiffs' counsel must coordinate and Plaintiffs' counsel have previously scheduled summary judgment deadlines, case filing deadlines (in particular, Plaintiffs' counsel are working to file more than 35 separate complaints, on behalf of more than 70 individuals, in cases brought under the Maryland Child Victims Act before June 1, 2025), oral argument before the United States Court of Appeals for the Ninth Circuit, appellate briefs, and travel for vacations and conferences over the next three months, Plaintiffs respectfully request that their Supplemental Brief be due on August 1, 2025. Plaintiffs understand that Defendants' counsel have vacations scheduled for August and have indicated that they would not object to Defendants having sufficient time to respond to Plaintiffs' Supplemental Brief in light of their August schedules. Plaintiffs therefore propose that Defendants' responsive brief be due on September 12, 2025, although they would agree to Defendants having some additional time if needed.

**Defendants' Position**

In the interest of facilitating a prompt resolution of their motion to dismiss and the related pending motions, Defendants propose that Plaintiffs file their Supplemental Opposition Brief on June 9, 2025 and Defendants file their Supplemental Reply Brief on June 30, 2025. Defendants believe that a two-and-a-half-month delay is excessive for a supplemental brief and likely prejudicial, given Plaintiffs' stated intent to use the time to generate improper affidavits and declarations raising new factual assertions. Any such supplemental material on top of the requested supplemental briefs is improper, for multiple reasons.

First, per the Court's Order, the requested supplemental briefing is supposed to concern the pending Motion to Dismiss, which Plaintiffs describe—correctly—as presenting "a facial challenge" testing the sufficiency of the allegations in their Complaint. A facial challenge neither requires, nor permits, the consideration of any "evidence" Plaintiffs propose to "gather"—much less "evidence" "gather[ed]" *after* full briefing.

Second, Plaintiffs already opposed Defendants' factual challenge to their standing by reference to "evidence" in the discovery record (*see, e.g.*, ECF No. 352 at 15, 16, 23, 25), and should not be allowed to generate supplemental "evidence" under the guise of submitting a supplemental *brief*.

Finally, discovery on Plaintiffs' claimed damages closed over a year ago, on February 24, 2024. Plaintiffs did not oppose Defendants' related Motion for Summary Judgment on Available Remedies with any affidavit stating that they need "time to obtain affidavits or declarations or to take discovery" to "present facts essential to justify its opposition" as required by Fed. R. Civ. P. 56(d). Plaintiffs' current position that "did they have reason to file a Rule 56(d) declaration in response to a summary judgment motion that did not challenge their standing" is

incorrect. Challenges to Plaintiffs' standing were made throughout the Summary Judgment Motion (at 1, 8, 16, 20–24, 27, 44); Plaintiffs opposed the motion by arguing, repeatedly, that they could "prove[] an injury that confers standing" (at 3; *see also id*. at 10–16, 38); and Defendants' reply also addressed Plaintiffs' lack of standing in depth (at 1, 3–6, 19, 23, 27, 28, 34).

Thus, Defendants respectfully request that the Court limit Plaintiffs to supplemental briefing, not supplemental evidence, and schedule the briefs accordingly.

## Conclusion

**WHEREFORE**, the Parties jointly submit this Joint Status Report and request that the Court enter an order setting the schedule for further proceedings.

Dated: May 19, 2025                                              Respectfully submitted,

*/s/ Jessica P. Weber\**                                          */s/ Melissa O. Martinez*

Andrew D. Freeman (Fed. Bar No. 03867)        Ava E. Lias-Booker (Fed. Bar No. 05022)
Jessica P. Weber (Fed. Bar No. 17893)             Melissa O. Martinez (Fed. Bar No. 28975)
Monica R. Basche (Fed. Bar No. 20476)           **MCGUIREWOODS LLP**
Lauren A. DiMartino (Fed. Bar No. 22046)        500 East Pratt Street, Suite 1000
**BROWN, GOLDSTEIN & LEVY, LLP**              Baltimore, Maryland 21202
120 East Baltimore Street, Suite 2500                 Phone: (410) 659-4430
Baltimore, MD 21202                                          Fax: (410) 659-4599
Phone: (410) 962-1030                                        alias-booker@mcguirewoods.com
Fax: (410) 385-0869                                             mmartinez@mcguirewoods.com
adf@browngold.com
jweber@browngold.com                                  *Counsel for Defendant*
mbasche@browngold.com                              *Bank of America, N.A.*
ldimartno@browngold.com

*Counsel for Plaintiffs*

| | |
|---|---|
| */s/ Morgan Williams\** | */s/ Keith E. Levenberg\** |
| Morgan Williams (*pro hac vice*) | Thomas M. Hefferon (Fed. Bar No. 15109) |
| **NATIONAL FAIR HOUSING ALLIANCE** | Brooks Brown (*pro hac vice*) |
| 1101 Vermont Avenue, NW, Suite 710 | Keith E. Levenberg (Fed. Bar No. 11957) |
| Washington, DC 20005 | **GOODWIN PROCTER LLP** |
| Phone: 202-898-1661 | 1900 N Street, N.W. |
| mwilliams@nationalfairhousing.org | Washington, D.C. 20036 |
| | Phone: (202) 346-4000 |
| ***Counsel for Plaintiffs*** | Fax: (202) 346-4444 |
| | thefferon@goodwinlaw.com |
| | bbrown@goodwinlaw.com |
| | klevenberg@goodwinlaw.com |
| | |
| | ***Counsel for Defendant*** |
| | ***Bank of America, N.A.*** |
| | |
| */s/ Maryan Alexander\** | */s/ Celena R. Mayo\** |
| Maryan Alexander (Fed. Bar No. 29158) | Celena R. Mayo (*pro hac vice*) |
| **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP** | **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP** |
| 500 East Pratt Street, Suite 600 | 150 E. 42nd Street |
| Baltimore, Maryland 21202 | New York, N.Y. 10017 |
| Phone: (410) 962-7385 | Phone: (212) 490-3000 |
| Fax: (410) 962-8758 | Fax: (212) 490-3038 |
| maryan.alexander@wilsonelser.com | celena.mayo@wilsonelser.com |
| | |
| | ***Counsel for Defendant Safeguard Properties Management, LLC*** |

\**Signed by Melissa O. Martinez with permission*.

-6-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on May 19, 2025, a copy of the foregoing Joint Status Report was electronically filed and served via the Court's CM/ECF system on all counsel of record.

*/s/ Melissa O. Martinez*
Melissa O. Martinez