IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, *et al.*, | * * * * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. SAG-18-1919 |
| BANK OF AMERICA, N.A., *et al.*, | * * | |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

Since the motions hearing on May 15, 2025, which this Court convened to focus on Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction, ECF 343, this Court has reviewed the entirety of the record in this case, including the briefing on Defendants' Motion for Summary Judgment on Available Remedies, ECF 289, 296, 304, 322-1. A review of the latter motion reveals that, although the title did not reference the word "standing," the motion in fact presented a factual challenge to Organizational Plaintiffs' standing to sue in this case. The motion repeatedly mentioned standing, including in the introductory paragraphs. *See* ECF 289 at 10 ("A core principle that must guide the Court's analysis is that Plaintiffs' standing to seek relief in this Court hinges on 'the same inquiry' applicable to any private plaintiff – whether they can show concrete harm to themselves, not merely 'a setback to [their] abstract social interests.'" (quoting *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 378-79 (1982)); *id.* at 53 (citing cases precluding organizations from "spending their way into standing"). Throughout their summary judgment motion, Defendants referenced and cited *Havens*, the seminal case on organizational standing at the time, such that the references to this case are indicated as "*passim*" in the index. *Id.* at 6.

Plaintiffs' opposition, ECF 296, also indicated their recognition that Defendants' motion challenged their standing to sue. Plaintiffs discussed *Havens* throughout the opposition brief, *see id*. at 7 (index indicating "*passim*" references to *Havens*), beginning in their opening paragraph, *id.* at 13. The background section of their brief starts with a recitation of United States District Judge Catherine C. Blake's findings when she addressed standing at the pleading stage of this case. *Id*. at 15-16 (citing ECF 66 at 6-7). Plaintiffs also attached to their opposition a plethora of exhibits in support of their asserted harms and damage claims, including declarations from several Organizational Plaintiffs. *See, e.g.*, ECF 295-1 (index of 49 exhibits in support of Plaintiffs' opposition brief); 295-2 (Declaration of Greg Kirschner of the Connecticut Fair Housing Center); 295-3 (Declaration of David Baade of Fair Housing Continuum, Inc.); 295-4 (Declaration of Veronica Barela of the Denver Metro Fair Housing Center).

Even before Plaintiffs' opposition to the motion for summary judgment on remedies was filed, the United States Supreme Court decided another organizational standing case, *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024). Defendants' reply in support of their motion for summary judgment, ECF 304, focuses heavily on *Hippocratic Medicine* and argues that it forecloses Organizational Plaintiffs' standing in this litigation. Because Plaintiffs had not addressed *Hippocratic Medicine* in their briefing up to that point, this Court permitted them to file a surreply in support of their opposition to the motion for summary judgment on remedies, ECF 322, 322-1, 323. In the surreply, Plaintiffs again attached evidence to support their contentions that they "continue to have organizational standing" to sue and expressly argued that *Hippocratic Medicine*…does not represent the sea change that Defendants hold it out to be…[and] [i]nstead…confirms that [*Havens*] remains good law–particularly in the unique context of [fair housing organizations]." ECF 322-1 at 2.

Plaintiffs have therefore had three separate opportunities in which they have submitted evidence to support their claimed injuries necessary to establish organizational standing: 1) their opposition to the summary judgment motion on remedies (which opposed Defendants' challenges to standing), ECF 296; 2) their surreply to the summary judgment motion on remedies (which even more expressly opposed challenges to standing), ECF 322-1; and 3) their opposition, ECF 352, to Defendants' subject-matter jurisdiction motion making a "facial challenge" to Plaintiffs' standing, ECF 343. In support of those three briefs, Plaintiffs submitted 49 exhibits, 1 appendix, and three notices of supplemental authority.

In the parties' recently filed joint status report, ECF 372, Plaintiffs propose collecting extensive additional evidence from the Organizational Plaintiffs to address their standing to sue, which will essentially require a reopening of discovery. *See* ECF 251 at 1 (Case Management Order stating that Phase III Discovery may encompass "[a]ny issues relevant to the Plaintiffs' claimed damages, the legal remedies to which the Plaintiffs claim to be entitled, including any non-monetary relief sought, and the legal or factual theories underlying those claimed damages or remedies"). Such an endeavor, essentially a fourth bite at the apple, is unwarranted given that the issues have been fully briefed based on an extensive evidentiary record and given the length of time this case has been pending.

At the hearing the Court had contemplated supplemental briefing on Defendants' motion to dismiss for lack of subject matter jurisdiction, ECF 343, and had requested the parties submit a timeline for the same, ECF 370. Upon further review, the Court does not consider additional evidence and briefing necessary to evaluate the challenge to Organizational Plaintiffs' standing, in light of the multiple phases of discovery that have produced an extensive record on the matters at

issue. Instead, the Court will evaluate the pending motions on the existing evidentiary record and will not require or entertain supplementation.

Date: May 21, 2025                                           /s/
                                                     Stephanie A. Gallagher
                                                     United States District Judge