**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, *et al.*,<br><br>      *Plaintiffs*,<br><br>v.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>      *Defendants*. | Case No. 1:18-CV-1919-SAG |

## JOINT STATEMENT

Pursuant to this Court's Order of July 28, 2025 (ECF No. 384), the parties submit the following statements of "their respective positions with respect to a possible interlocutory appeal of the issues recently decided by this Court." *Id*. ¶ 1.

### I.

### STATEMENT BY THE PLAINTIFFS

**1.      The Court should permit an interlocutory appeal.**

Plaintiffs ask this Court to permit an interlocutory appeal. The Court may permit an interlocutory appeal of the July 21, 2025 order, ECF 381, under both 28 U.S.C. § 1292(b) and Federal Rule of Civil Procedure 54(b).

Under § 1292(b), the Court should certify an order for appeal where, as here, (1) the "order involves a controlling question of law as to which there is substantial ground for difference of opinion" and (2) the "immediate appeal from the order may materially advance the ultimate termination of the litigation." *See also U.S. v. Stanley*, 483 U.S. 669, 676 (1987).

Here, there are "substantial ground[s] for difference of opinion" on controlling questions of law, as indicated by the issuance of new Supreme Court precedent on standing that has not yet been analyzed extensively in this Circuit, *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), and the divergence between this Court and the Northern District of Illinois on law pertaining to roughly the same set of facts, *Nat'l Fair Hous. All. v. Deutsche Bank Nat'l Tr.*, No. 18 CV 839, 2025 WL 975967, at *8 (N.D. Ill. Mar. 31, 2025) (finding that the "facts [were] sufficient to demonstrate that defendants' REO conduct perceptibly impaired the organizations' core counseling activities" and thus gave the FHO plaintiffs standing); *id.* at *48 (allowing the FHO plaintiffs' § 3604(b) claim under the Fair Housing Act to proceed under both disparate-impact and disparate-treatment theories of liability). Further, because the individual plaintiffs remain in this case and will proceed to trial on their nuisance claims, an appeal at this juncture would "materially advance the ultimate termination of the litigation" by avoiding the "possibly needless expense" of a second trial on the individuals' fair housing claims "if it should turn out that this Court's rulings are reversed." *APCC Servs. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 100 (D.D.C. 2003).

Separately, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties" under Rule 54(b), particularly when the remaining claims could not possibly moot any of the issues in the order to be certified and the legal questions are novel. *See Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) ("Rule 54(b) permits a district court to enter final judgment as to one or more but fewer than all claims in a multiclaim action, thus allowing an appeal on fewer than all claims in a multiclaim action."); *Backus Plywood Corp. v. Com. Decal, Inc.*, 317 F.2d 339, 341 (2d Cir. 1963) (holding that the district court properly certified a final judgment under Rule 54(b) because there were multiple parties "and the judgment

appealed from wholly terminated appellant's action against one of them"); *Neuberger Berman Real Est. Income Fund, Inc. v. Lola Brown Tr*. No. 1B, 225 F.R.D. 171, 176 (D. Md. 2004) (citing *Int'l Union of Elec., Radio and Machine Workers, AFL–CIO–CLC v. Westinghouse Elec. Corp*., 631 F.2d 1094, 1099 (3d Cir.1980)) (stating that "the novelty of the legal question to be certified weighs in favor of certification"); *see also Costar Grp. Inc. v. LoopNet, Inc*., 172 F. Supp. 2d 747, 749 (D. Md. 2001) (quoting *Automated Data Systems, Inc. v. Omron Business Systems*, Inc., 760 F. Supp. 541 (W.D.N.C.1991)) (stating that the Rule 54(b) requirement is satisfied when "the claims in which immediate appeal is sought are separate from remaining claims").

Because this Court's July 21 order removes all of the organizational plaintiffs from this litigation and also dismisses all parties' Fair Housing Act claims, and the remaining claims of the individual plaintiffs are state law claims unrelated to the federal Fair Housing Act or any issues involving organizational standing, and there is no risk of the remaining claims rendering moot any of the issues dealt with in the July 21 order, certifying the July 21 order as a final judgment that can be appealed under Rule 54(b) is appropriate here.

2.      **The Court should retain supplemental jurisdiction over the individual claims.**

Plaintiffs ask the Court to retain supplemental jurisdiction over the individual plaintiffs. If Plaintiffs prevail on appeal and the individual plaintiffs' fair housing claims are revived, it would be inefficient and unjust to try the individuals' claims simultaneously in state and federal court when the basic nucleus of facts are the same.

3.      **Prior to considering whether to certify an interlocutory appeal, the Court should review and consider Plaintiffs' motion for leave to amend their complaint, which they will share with Defendants later this week prior to filing.**

Prior to considering whether to certify an interlocutory appeal, the Court should review and consider Plaintiffs' motion for leave to amend their complaint. As Plaintiffs indicated at the status conference on July 28th, they intend to request leave to amend their complaint in light of

the Supreme Court and Fourth Circuit precedent on standing issued over the past year, long after Plaintiffs' initial complaint.[1] As directed by the Court's Order, ECF 384 ¶ 2, that motion will be filed promptly after Plaintiffs share it with Defendants later this week and after they hear back from Defendants (assuming that there is no valid basis to assert that such motion is frivolous), Plaintiffs suggest that consideration of a motion to certify the order for interlocutory appeal be deferred until their motion for leave to amend is resolved, as the disposition of that motion may affect what issues remain for appeal. While disagreeing as to whether a motion for leave to amend should be granted, Defendants appear to agree that a motion to certify an interlocutory appeal should not be granted while a motion for leave to amend is pending, stating below that "[the Court] certainly should not certify an appeal while Plaintiffs are trying to change the outcome of that order through amendment in this Court." Defs.' Statement § 3.

Plaintiffs understood the Court's Order regarding *this* joint report to call only for "a joint filing, on or before August 11, 2025, of their respective positions with respect to a possible interlocutory appeal of the issues recently decided by this Court. The filing should specify what rule or statute any party believes might justify an interlocutory appeal at this stage." ECF 384 ¶ 1. The Order did not provide for this joint report to include briefing on a motion for leave to amend the complaint. The Order has a separate paragraph regarding Plaintiffs' contemplated motion for leave to amend the complaint, starting with Plaintiffs sharing with Defendants their draft motion for leave. *Id.* ¶ 2.

---

[1] In its Memorandum Opinion, the Court contemplated that Plaintiffs might file such a motion, stating, "Of course, Rule 12(b)(1) dismissal is without prejudice, typically affording plaintiff an opportunity to amend the pleading to establish standing. . . . The Court will of course consider [its ruling granting summary judgment on the claims seeking injunctive relief] when evaluating any motion for leave to amend that may be filed by Organizational Plaintiffs relating to their claims for monetary damages." ECF 380 at 20-21 n.9.

Accordingly, Plaintiffs request that the Court wait to enter final judgment and to rule on a motion to certify an interlocutory appeal (or to take any other action regarding this case) until after receiving and reviewing Plaintiffs' motion for leave to amend.

## II.

## STATEMENT BY THE DEFENDANTS

The organizational Plaintiffs' requests (i) to amend their complaint after summary judgment has already been entered against them, and (ii) to pursue an interlocutory appeal while they await an advisory opinion on a hypothetical amended complaint, are both improper. Defendants respectfully submit that the Court can simply do what it contemplated in its July 21 opinion and order: decline to exercise supplemental jurisdiction over the three individual Plaintiffs' nuisance claims, dismiss those claims, and enter final judgment. Plaintiffs can then appeal that judgment in the ordinary course and pursue the individual claims in state court if they choose.

1. **The individual Plaintiffs' claims can and should be dismissed.** This Court already determined that "[t]he private nuisance claims brought by the three Individual Plaintiffs . . . seem better suited for disposition in state court. This Court is therefore inclined to decline to exercise supplemental jurisdiction. . . ." ECF No. 380 at 54 n.19. Plaintiffs have not given the Court any reason to conclude otherwise, nor do they claim any jurisdictional basis for the state-law claims *other* than supplemental jurisdiction. *See* Compl. ¶ 13.[2] The individual Plaintiffs' claims thus can and should be dismissed without prejudice under Section 1367(c)(3). *See Shanaghan v. Cahill*, 58

---

[2] No diversity jurisdiction exists over the individual Plaintiffs' remaining claims because diversity jurisdiction is determined at the time a complaint is filed. *See, e.g., Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004); *Prudential Ins. Co. of Am. v. Shenzhen Stone Network Information Ltd.*, 58 F.4th 785 (4th Cir. 2023). When this case was filed, three organizational Plaintiffs were Ohio citizens, and Safeguard was and is also an Ohio citizen. *See* Compl. ¶¶ 27, 30, 32; *Nickels v. Nationstar Mortg. LLC*, 2017 WL 3262126, at *2 (N.D. Miss. July 31, 2017) ("Safeguard is . . . an Ohio resident" for diversity purposes).

F.3d 106, 110 (4th Cir. 1995) (recognizing district courts' "wide latitude in determining whether or not to retain jurisdiction over state claims when federal claims have been extinguished").

      **2.  <u>No interlocutory appeals are necessary.</u>**  If the Court dismisses the individual Plaintiffs' state-law claims, then the Court will have adjudicated "all the claims" of "all the parties" and can simply enter final judgment—not partial final judgment. FED. R. CIV. P. 54(b). No interlocutory appeal would be necessary or appropriate because a final judgment is appealable under 28 U.S.C. § 1291.

      **3.  <u>No interlocutory appeal would be justified in any event.</u>**  Even if the individual nuisance claims were to proceed in this Court, this Court should not certify the July 21 opinion and order for interlocutory appeal. It certainly should not certify an appeal while Plaintiffs are trying to change the outcome of that order through amendment in this Court.

      Section 1292(b) gives this Court discretion to certify an order for interlocutory appeal when it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Plaintiffs identify no "substantial ground for difference of opinion" on any "controlling question of law"—by their own account, the only "ground for difference of opinion" pertains not to a question of law, but to what the "facts were sufficient to demonstrate." (Email from J. Weber to M. Martinez *et al*., Aug. 5, 2025 1:14 PM (brackets omitted).) That is not the type of "pure question of law . . . the court of appeals could decide quickly and cleanly without having to study the record." *Clark Constr. Grp., Inc. v. Allglass Sys., Inc.*, 2005 WL 376606, at *2 (D. Md. Mar. 30, 2005) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676–77 (7th Cir. 2000)). The most Plaintiffs are able to say about the Court's standing analysis is that the Supreme Court precedent on which this Court relied "has not yet been analyzed extensively in this

Circuit." That is not the standard. And Plaintiffs' proposal simultaneously to amend the complaint to relitigate the standing analysis not only creates a jurisdictional obstacle to pursuing any appeal, but it also confirms that Plaintiffs do not regard the order's standing analysis as "controlling"—they are seeking to supersede it and make it irrelevant. In any event, the claims dismissed for lack of standing are the same claims as those the Court considered on the merits, just seeking a different form of relief. Accordingly, even if this Court or the Fourth Circuit concluded that Plaintiffs have standing to seek that relief, the claims would still fail on the merits for the same reasons the Court has already given. Thus, nothing about the standing issue warrants interlocutory appeal.

Nor would an interlocutory appeal materially advance the termination of this litigation as required by Section 1292(b). The issues to be appealed would not bear at all on the remaining individual claims, but only on the FHA claims that this Court has *already* "terminat[ed]" with its summary-judgment order. Plaintiffs merely speculate that *if* the nuisance claims are stayed rather than tried, then an interlocutory appeal might allow a joint trial of the FHA and nuisance claims some day. That speculation shows no "material[] advance" toward termination.

Plaintiffs' alternative request that the Court enter a partial final judgment under Rule 54(b) should also be denied. By continuing to pursue amendment, Plaintiffs themselves are impeding the necessary finality. Plaintiffs' contention that a departure from the ordinary final-judgment rule is warranted based on "the novelty of the legal question to be certified" (Weber email, *supra*) is without merit. There is no novel, legal question in a dispute over whether a summary-judgment record is sufficient to generate a material fact dispute.

**4.  <u>Moving for leave to amend is improper.</u>**  Plaintiffs *simultaneously* seek a final judgment they can appeal *and* an opportunity to amend their complaint and keep litigating during the appeal. *See* Hearing Tr. at 4–5 (D. Md. July 28, 2015). This is impermissible. "Once judgment

is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to FED. R. CIV. P. 59(e) or 60(b)." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (quoting *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985)). That is true whether the Court enters final judgment, as Defendants propose, or partial final judgment on the relevant claims under Rule 54(b), as Plaintiffs propose.

In any event, Plaintiffs make no effort to justify relief under Rule 59(e) or 60(b), nor would such relief be warranted. "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly," and is inappropriate absent "an intervening change in controlling law," "new evidence," or "a clear error of law." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Plaintiffs claim none of the above. The Supreme Court's ruling in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), was not an "intervening" change since it came *before* the judgment and Plaintiffs had ample opportunity to address it. Significantly, they chose to address it by asserting that "*nothing* has changed" and that *Hippocratic Medicine* "did not alter" the law on organizational standing"—so they are in no position to argue the contrary now. ECF No. 352 at 2, 7 (emphasis added).

Defendants thus respectfully submit that the Court should decline to exercise supplemental jurisdiction over the individual Plaintiffs' state-law claims and enter final judgment.

*        *        *        *

Respectfully submitted this 11th day of August, 2025,

/s/ Jessica P. Weber*
Jessica P. Weber (Fed. Bar No. 17893)
Andrew D. Freeman (Fed. Bar No. 03867)
Monica R. Basche (Fed. Bar No. 20476)
Lauren A. DiMartino (Fed. Bar No. 22046)
Brown, Goldstein & Levy, LLP
120 East Baltimore Street, Suite 2500
Baltimore, MD 21202
Phone: 410-962-1030
Fax: 410-385-0869
jweber@browngold.com
adf@browngold.com
mbasche@browngold.com
ldimartino@browngold.com

Morgan Williams (*pro hac vice*)
National Fair Housing Alliance
1101 Vermont Avenue, NW, Suite 710
Washington, DC 20005
Phone: 202-898-1661
mwilliams@nationalfairhousing.org

*Counsel for Plaintiffs*

/s/ Ava E. Lias-Booker
Ava E. Lias-Booker (No. 05022)
Melissa Martinez (No. 28975)
McGuire Woods LLP
500 E. Pratt St., Ste. 1000
Baltimore, Md. 21202
Tel.: (410) 659-4430
Fax: (410) 659-4558
alias-booker@mcguirewoods.com
mmartinez@mcguirewoods.com

/s/ Brooks R. Brown*
Brooks R. Brown (*pro hac vice*)
Keith Levenberg (No. 11957)
Goodwin Procter LLP
1900 N St. N.W.
Washington, D.C. 20036
Tel.: (202) 346-4248
Fax: (202) 346-4444
bbrown@goodwinlaw.com
klevenberg@goodwinlaw.com

*Counsel for Defendant Bank of America, N.A.*

/s/ Maryan Alexander*
Maryan Alexander (No. 29158)
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
500 E. Pratt St., Ste. 600
Baltimore, Md. 21202-3173
Tel.: (410) 962-7385
Fax: (410) 962-8758
Maryan.alexander@wilsonelser.com

/s/ Celena R. Mayo*
Celena R. Mayo (*pro hac vice*)
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
150 E. 42nd St.
New York, N.Y. 10017
Tel.: (212) 490-3000
Fax: (212) 490-3038
celena.mayo@wilsonelser.com

*Counsel for Defendant Safeguard Properties Management, LLC*

*Signed by Ava E. Lias-Booker with permission.*