**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. SAG-18-1919 |
| BANK OF AMERICA, N.A., *et al.*, | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs request leave to amend their Complaint (ECF No. 1) and to file the proposed First Amended Complaint. A copy of the proposed First Amended Complaint is attached as Exhibit A, and a redlined version is attached as Exhibit B. Plaintiffs wish to allege additional facts supporting the organizational standing of the twenty fair housing organization plaintiffs in this matter ("Organizational Plaintiffs") in light of the Supreme Court's recent decision in *Food & Drug Administration v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), and this Court's July 21, 2025 ruling holding that the Organizational Plaintiffs had not sufficiently pled standing, *see* Memorandum Opinion, ECF No. 380. Permitting Plaintiffs to amend their Complaint would serve the interests of justice, and this amendment is not futile, in bad faith, or prejudicial to Defendants.

Federal Rule of Civil Procedure 15(a)(2) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave." On August 14, 2025, in

accordance with both Local Rule 103.6(d) and the Court's July 28, 2025 Order (ECF No. 384), Plaintiffs submitted both a draft version of this Motion and the proposed Amended Compliant to Defendants and sought consent to file or, in the alternative, proposed dates on which to confer. On August 21, Defendant Bank of America, N.A. responded that, "we expect to oppose Plaintiffs' motion for leave to amend based on the futility concerns already expressed by Judge Gallagher (Tr. at 6; ECF 384) and on grounds of prejudice and delay." Bank of America did not take a position regarding whether Plaintiffs' filing of this motion would violate Rule 11 but "reserve[d] all rights" to do so. Safeguard similarly responded that "the proposed amendment does not remedy the existing deficiencies and . . . is also futile." Like Bank of America, Safeguard "reserves its rights with respect to Rule 11." If Defendants oppose the filing and/or move for sanctions, Plaintiffs will reply to explain why, in addition to the reasons set forth below, those objections are unfounded. Plaintiffs now seek the Court's leave to file the proposed First Amended Complaint.

## I.     Legal Standard

Under Rule 15, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Fourth Circuit's policy is to "liberally allow amendment," *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022). Leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation and internal quotation marks omitted). If "no prejudice will accrue, the amendment should be allowed." *Haughie v. Wexford Health Sources, Inc.*, No. 18-cv-3963, 2020 WL 1158568, at *5 (D. Md. Mar. 9, 2020). Delay is an "insufficient reason" to deny a motion to amend, and a motion may not be denied "simply because [a court] has entered judgment against the plaintiff—be it a judgment of dismissal, a

summary judgment, or a judgment after a trial on the merits." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Although the decision whether to grant leave falls within the discretion of this Court, the federal rules "strongly favor granting leave to amend." *Medigen of Ky., Inc. v. Pub. Serv. Comm'n*, 985 F.2d 164, 167–68 (4th Cir. 1993).

## II.    Plaintiffs' proposed Amended Complaint serves the interests of justice.

Throughout the seven-year course of this litigation, Plaintiffs have never before sought to amend their Complaint. They do so now only because of new Supreme Court case law, issued six years into this litigation, which, this Court determined, "contextualized and cabined" organizational standing. July 21, 2025 Mem. Op., ECF No. 380, at 10 (citing *FDA*, 602 U.S. at 370). When intervening Supreme Court authority materially alters the course of litigation, the district court should "allow the parties to amend their pleadings in light of that intervening authority." *Flo & Eddie, Inc. v. Pandora Media, LLC*, 789 F. App'x 569, 572 (9th Cir. 2019); *see Logar v. W. Virginia Univ. Bd. of Governors*, No. CIV.A. 1:10CV201, 2012 WL 243692, at *9 (N.D.W. Va. Jan. 25, 2012), *aff'd*, 493 F. App'x 460 (4th Cir. 2012) (noting Rule 15(a) amendments are designed "to assert matters which were . . . unknown at the time the party interposed the original complaint"). In the fair housing context, courts have recognized that *FDA* modified the organizational standing doctrine significantly enough that organizational plaintiffs that "lacked an opportunity" to address organizational standing based on *FDA* should have a "fair opportunity to develop the record on the defendants' alleged interference with . . . core business activities." *Fair Hous. Ctr. of Metro. Detroit v. Singh Senior Living, LLC*, 124 F.4th 990, 993 (6th Cir. 2025); *Fair Hous. Ctr. of Metro. Detroit v. Am. House Grosse Pointe, LLC*, No. 23-2051, 2025 WL 66747, at *1 (6th Cir. Jan. 10, 2025) (same). The Organizational Plaintiffs have not had a prior opportunity to amend their Complaint to add additional allegations

in support of their standing following the Supreme Court's *FDA* decision. Accordingly, their request to amend the Complaint to do so would allow for full and fair adjudication of this case.

### III.    Plaintiffs' proposed Amended Complaint is not futile, in bad faith, or prejudicial to Defendants.

Plaintiffs' proposed amendment to add allegations to their Complaint in light of intervening Supreme Court authority is not futile. An amendment is futile where the proposed pleading "would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019). The Court has provided no indication that its ruling on organizational standing is incurable or that additional allegations supporting standing under *FDA* would not survive a motion to dismiss. Indeed, the court dismissed the Organizational Plaintiffs under Rule 12(b)(1) *without* prejudice. Mem. Op., ECF No. 380, at 20 n.9. Notably, in the similar case of *National Fair Housing Alliance v. Deutsche Bank National Trust*, eighteen of the twenty Organizational Plaintiffs in this case survived an *FDA*-based challenge to their organizational standing based on their showing that defendants' REO conduct "perceptibly impaired [their] core . . . activities." *Nat'l Fair Hous. All. v. Deutsche Bank Nat'l Tr.*, No. 18 CV 839, 2025 WL 975967, at *8 (N.D. Ill. Mar. 31, 2025). Plaintiffs seek leave to amend to allege facts demonstrating the same: that Defendants' conduct impaired the Organizational Plaintiffs' core activities in furtherance of their missions, requiring them to divert resources to stop and counteract this harm to their mission caused by Defendants' ongoing conduct. Accordingly, the proposed amendment cures the Court's concern regarding what it deemed to be insufficient standing allegations. Regardless of whether the First Amended Complaint survives a motion for summary judgment, it should survive a motion to dismiss for the same reasons the *Deutsche Bank* case recently did.

Moreover, the Court's dismissal of the Organizational Plaintiffs' Fair Housing Act claims on the merits does not render the proposed amendment futile. Should the merits ruling be reversed on appeal, resolving the standing issue now would clarify the issues and streamline resolution of this case. *See Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009) (noting that "[c]ourts may also consider judicial efficiency . . . and effective case management" when ruling on a motion to amend); *Savignac v. Jones Day*, 341 F.R.D. 120, 124 (D.D.C. 2022) (Rule 15(a) "promot[es] judicial efficiency"). If the Court permits Plaintiffs' amendment and finds that the Organizational Plaintiffs have sufficiently alleged standing, the issue on appeal would be narrowed to only the merits of Plaintiffs' Fair Housing Act claims. By the same token, if the Court permits the amendment and determines that the Organizational Plaintiffs still have not sufficiently alleged standing, the Fourth Circuit can consider both issues together and provide clarity on how this case should proceed following the appeal. The alternative, if this Court does not permit amendment, leaves open the potential for seriatim appeals should the Fourth Circuit determine that the Organizational Plaintiffs should be afforded an opportunity to cure any deficiencies in their allegations supporting their standing but this Court once again finds that the Organizational Plaintiffs' standing allegations are insufficient, which would further prolong this litigation.

"Futile," according to the Oxford English Dictionary, means "incapable of producing any useful result; pointless." *Anderson v. Hibu, Inc*., 26 F. Supp. 3d 1019, 1030 (D. Or. 2014) (quoting *Oxford Online Dictionary* (2014)); *see also* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/futile (defining futile as "serving no useful purpose"). Because, as explained above, Plaintiffs' proposed First Amended Complaint serves the purpose of narrowing (or at least focusing) the issues on appeal and promoting judicial

efficiency, it is not futile, even if the Court still grants summary judgment based on its view of the application of the Fair Housing Act to the facts at issue.

For the same reasons, Plaintiffs' proposed amendment is made in good faith. *See, e.g.*, *Laber*, 438 F.3d at 428 (finding no indication an amendment was in bad faith where amendment could not have been added to the original claim because of legal developments).

Additionally, filing the First Amended Complaint will not unfairly prejudice Defendants. Having the Court consider Plaintiffs' amended allegations in support of their standing now will create efficiencies for all parties and the courts in terms of avoiding seriatim appeals, as described above. Furthermore, defendants are not prejudiced where amendments "arise from the same controversy as the balance of the complaint." *Edwards*, 178 F.3d at 243; *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case.").

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant them leave to file the attached First Amended Complaint.

Dated: August 21, 2025     Respectfully submitted,

             */s/ Jessica P. Weber*
            Jessica P. Weber (Fed. Bar No. 17893)
            Andrew D. Freeman (Fed. Bar No. 03867)
            Monica R. Basche (Fed. Bar No. 20476)
            Lauren A. DiMartino (Fed. Bar No. 22046)
            Brown, Goldstein & Levy, LLP
            120 East Baltimore Street, Suite 2500
            Baltimore, MD 21202
            Phone: 410-962-1030
            Fax: 410-385-0869
            jweber@browngold.com

adf@browngold.com
mbasche@browngold.com
ldimartino@browngold.com

*Counsel for Plaintiffs*

Janell M. Byrd-Chichester (Fed. Bar No. 16564)
Morgan Williams (*pro hac vice*)
National Fair Housing Alliance
1101 Vermont Avenue, NW, Suite 710
Washington, DC 20005
Phone: 202-898-1661
jbyrd-chichester@nationalfairhousing.org
mwilliams@nationalfairhousing.org

*Counsel for Plaintiff National Fair Housing
Alliance*